UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christopher Palermo

    v.                           Civil No. 11-cv-506-JD

Michael Edmark, et al.

O R D E R

Christopher Palermo brings a civil rights action under 42 U.S.C. § 1983 against corrections officers at the New Hampshire State Prison for Men, alleging that the officers attacked and beat him on two occasions while he was incarcerated at the prison. Palermo was represented by retained counsel when the complaint was filed and through the progress of the case until counsel moved to withdraw in July, citing irreconcilable differences with Palermo regarding "the conduct of the case." The motion was granted on July 10, 2012. Palermo then entered a notice that he would proceed pro se.

The defendants filed a motion for summary judgment on July 23, 2012. On August 16, 2012, Palermo filed a motion, dated August 14, to temporarily stay the case for thirty days. In his motion, Palermo stated that he had been transferred from the Cheshire County House of Corrections to the health center at the New Hampshire State Prison for Men for suicide watch on July 27, 2012, that on August 10 he was transferred to the Secure Housing Unit, and that despite his requests he had not had access to his

legal papers. Palermo stated that as of August 14 he remained in the Secure Housing Unit. The defendants filed a response to the motion for a stay, in which they did not object to a short stay except to the extent the stay would affect the existing trial schedule and deadlines.

The day after he filed the motion for a stay, on August 17, Palermo filed a motion for appointment of counsel, dated August 14, in which he stated that he was currently housed at the Cheshire County Department of Corrections. Palermo did not mention a transfer to the State Prison or any lack of access to his legal papers. He attached copies of medical records to the motion. Palermo then filed an objection to the defendants' motion for summary judgment on August 20, which is supported by Palermo's declaration, copies of correspondence, and copies of grievance forms.

Based on Palermo's filings, it appears that any interruption in his ability to prosecute his case due to a transfer to the State Prison is in the past and has not affected his ability to make timely filings. Therefore, Palermo's motion for a stay is moot.

Conclusion

For the foregoing reasons, the plaintiff's motion for a stay (document no. 28) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

September 12, 2012

cc: Christopher M. Palermo, pro se
Russell F. Hilliard, Esq.
Nancy J. Smith, Esq.