UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christopher Palermo

    v.                                    Civil No. 11-cv-506-JD

Michael Edmark, et al.

O R D E R

     Christopher Palermo brings a civil rights action under 42 U.S.C. § 1983 against corrections officers at the New Hampshire State Prison for Men, alleging that the officers attacked and beat him on two occasions while he was incarcerated at the prison. Palermo was represented by retained counsel when the complaint was filed and through the progress of the case until counsel moved to withdraw, citing irreconcilable differences with Palermo regarding "the conduct of the case," and the motion was granted on July 10, 2012. Palermo then entered a notice that he would proceed pro se.

     Palermo now moves for appointment of counsel. In support of his motion, Palermo states that because he is incarcerated he has very limited access to legal research materials and is unable to conduct discovery, that he suffers from mental illness, that he suffers from headaches which affect his ability to read and write, that he will need guidance from a lawyer to question medical expert witnesses, and that representation by counsel would benefit the court. The defendants object to Palermo's

motion, citing the requirements for appointment of counsel in habeas cases pursuant to 18 U.S.C. § 3006A.

Because this is a civil rights case, not a petition for relief under 28 U.S.C. § 2254, § 3006A, by its terms, does not apply. Except in some proceedings when an indigent litigant is threatened with incarceration, there is no constitutional right to appointed counsel in civil cases. See Turner v. Rogers, 131 S. Ct. 2507, 2516-20 (2011); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). When a party is proceeding in forma pauperis in a civil case, the court has discretion to request an attorney to represent that party on a pro bono basis, if he is unable to afford counsel. 28 U.S.C. § 1915(e)(1).

In this case, Palermo is not proceeding in forma pauperis. Although Palermo mentions indigency in the context of his efforts to obtain copies of his medical records, he provides no evidentiary support to show that he is indigent and unable to afford counsel. In fact, he was represented by retained counsel until July. Therefore, Palermo does not meet the initial requirement under § 1915(e)(1) that he is unable to afford counsel.

Palermo argues that he has been unable to find counsel who will agree to represent him and that he is unable to represent himself competently. Palermo's showing is insufficient to

support appointment of counsel or a court request for pro bono representation.

## Conclusion

For the foregoing reasons, the plaintiff's motion for appointment of counsel (document no. 29) is denied.

SO ORDERED.

*[signature]*
Joseph A. DiClerico, Jr.
United States District Judge

September 12, 2012

cc:  Christopher M. Palermo, pro se
     Russell F. Hilliard, Esq.
     Nancy J. Smith, Esq.