UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Christopher Palermo

v.                                    Civil No. 11-cv-506-JD

Michael Edmark, et al.

## O R D E R

Christopher Palermo brings a civil rights action under 42
U.S.C. § 1983 against corrections officers at the New Hampshire
State Prison for Men, alleging that the officers attacked and
beat him on two occasions while he was incarcerated at the
prison. Palermo was represented by retained counsel when the
complaint was filed and through the progress of the case until
counsel moved to withdraw, citing irreconcilable differences with
Palermo regarding "the conduct of the case," and the motion was
granted on July 10, 2012. Palermo then entered a notice that he
would proceed pro se.

Palermo now moves for appointment of counsel. In support of
his motion, Palermo states that because he is incarcerated he has
very limited access to legal research materials and is unable to
conduct discovery, that he suffers from mental illness, that he
suffers from headaches which affect his ability to read and
write, that he will need guidance from a lawyer to question
medical expert witnesses, and that representation by counsel
would benefit the court. The defendants object to Palermo's

motion, citing the requirements for appointment of counsel in
habeas cases pursuant to 18 U.S.C. § 3006A.

Because this is a civil rights case, not a petition for
relief under 28 U.S.C. § 2254, § 3006A, by its terms, does not
apply. Except in some proceedings when an indigent litigant is
threatened with incarceration, there is no constitutional right
to appointed counsel in civil cases. See Turner v. Rogers, 131
S. Ct. 2507, 2516-20 (2011); Cookish v. Cunningham, 787 F.2d 1, 2
(1st Cir. 1986). When a party is proceeding in forma pauperis in
a civil case, the court has discretion to request an attorney to
represent that party on a pro bono basis, if he is unable to
afford counsel. 28 U.S.C. § 1915(e)(1).

In this case, Palermo is not proceeding in forma pauperis.
Although Palermo mentions indigency in the context of his efforts
to obtain copies of his medical records, he provides no
evidentiary support to show that he is indigent and unable to
afford counsel. In fact, he was represented by retained counsel
until July. Therefore, Palermo does not meet the initial
requirement under § 1915(e)(1) that he is unable to afford
counsel.

Palermo argues that he has been unable to find counsel who
will agree to represent him and that he is unable to represent
himself competently. Palermo's showing is insufficient to

2

support appointment of counsel or a court request for pro bono
representation.

## Conclusion

For the foregoing reasons, the plaintiff's motion for
appointment of counsel (document no. 29) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

September 12, 2012

cc:  Christopher M. Palermo, pro se
     Russell F. Hilliard, Esq.
     Nancy J. Smith, Esq.

3