UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Christopher Palermo</u>


      v.                              Civil No. 11-cv-506-JD
                                      Opinion No. 2012 DNH 159

<u>Michael Edmark, et al.</u>


<u>O R D E R</u>

Christopher Palermo brings a civil rights action under 42
U.S.C. § 1983 against corrections officers at the New Hampshire
State Prison for Men, alleging that the officers attacked and
beat him on two occasions while he was incarcerated at the
prison.  Palermo's counsel withdrew, effective July 10, 2012.
Palermo is now proceeding pro se.

The defendants move for summary judgment on the ground that
Palermo failed to exhaust available administrative remedies as
required by 42 U.S.C. § 1997e(a).  Palermo objects, arguing that
he raised the issues that form the basis for his claims in
correspondence to prison officials, during an investigatory
interview, and in a grievance that was denied as untimely filed.
Palermo also contends that he requested a grievance form that was
never provided to him.  The defendants filed a reply to address
Palermo's version of events.

<u>Standard of Review</u>

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party opposing summary judgment "must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986). Material facts are "facts that might affect the outcome of the suit under the governing law."  <u>Id.</u> at 248.  The court considers the undisputed material facts and all reasonable inferences from those facts in the light most favorable to the nonmoving party. <u>Avery v. Hughes</u>, 661 F.3d 690, 693 (1st Cir. 2011).  However, the party opposing summary judgment "cannot rest on conclusory allegations, improbable inferences, or unsupported speculation to defeat a motion for summary judgment," but instead "must set forth specific facts showing that there is a genuine issue for trial."  <u>Barry v. Moran</u>, 661 F.3d 696, 703 (1st Cir. 2011) (internal quotation marks omitted).

Under the local rules of this district, the party moving for summary judgment must provide "a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no issue to be tried." LR 7.2(b)(1).  In response, the objection must include "a short

and concise statement of material facts, supported by appropriate record citations, as to which the adverse party contends a genuine dispute exists so as to require a trial." LR 7.2(b)(2). Further, "[a]ll properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party." Id.

In their reply to Palermo's objection to summary judgment, the defendants repeatedly refer to Palermo's response as being based on "unsworn allegations." Palermo, however, filed his declaration in support of his objection to summary judgment in which he purported to swear to the truth of all facts stated in his objection under penalty of perjury. The defendants did not move to strike any part of Palermo's declaration or object to it in any way. Therefore, the facts in the objection are considered, for purposes of the current motion for summary judgment only, as if they were presented in an affidavit in compliance with Rule 56(c)(4). See Desrosiers v. Hartford Life & Accident Co., 515 F.3d 87, 91-92 (1st Cir. 2008); Perez v. Volvo Car Corp., 247 F.3d 303, 314-15 (1st Cir. 2001); Lacey v. Lumber Mut. Fire Ins. Co. of Boston, 554 F.2d 1204, 1205 (1st Cir. 1977); Aftokinito Props., Inc. v. Millbrook Ventures, LLC, 2010 WL 2108225, at *1, n.1 (D.N.H. May 25, 2010).

Background[1]

During the incidents at issue in this case, Palermo was a
New Hampshire inmate, and the incidents occurred at the New
Hampshire State Prison for Men ("NHSP").[2]  However, Palermo was
housed in a Rhode Island prison pursuant to an interstate
transfer in 2008 until he was returned to the NHSP in April of
2011.

While Palermo was in Rhode Island, he was returned to New
Hampshire on several occasions for court proceedings.  Palermo
contends that during one of the times he was returned to New
Hampshire, on March 24, 2009, he was attacked by guards at the
NHSP, which required treatment at Catholic Medical Center.
Palermo further contends that after receiving medical treatment
he was put on a stretcher restraint and returned to Rhode Island
the same day.[3]

_____

[1]The background information pertains to the issue of
administrative exhaustion and does not include representations
and evidence pertaining to the merits of Palermo's claims.

[2]The court notes that although Palermo currently provides
his address at the NHSP, he represents in his objection to
summary judgment that he was released on parole in January of
2012.

[3]The defendants provide evidence that Palermo was returned
to Rhode Island the next day, and in his surreply Palermo agrees.

The defendants provide evidence that Palermo did not file an inmate request form about the March 24, 2009, incident within the time allowed to do so.  Palermo contends that when he returned to Rhode Island he asked a "Captain of the High Security Center" about the incident and requested a grievance form.  That person told Palermo that he would have to write to the NHSP about the attack.

Palermo states that the next day he sent a letter to Denise Heath, who was the interstate compact coordinator at the NHSP. When he did not get a response for two weeks, he sent another letter to Heath.  He contends that in both letters he requested grievance forms.  Palermo was returned to New Hampshire for the period from April 8 to April 28, 2009, and was housed at the Northern New Hampshire Correctional Facility during that time.[4] Palermo contends that when he asked for a grievance form he was told to send a request asking for a form.  Palermo states that he sent a request for a grievance form but because his stay was short, he did not receive a response.

Palermo states that after he returned to Rhode Island he wrote to the NHSP Warden, Richard Gerry, about the March 24,

---

[4]Although Palermo states that he was housed in the Secure Housing Unit, the prison records show that he was not.  In his surreply, Palermo agrees that he was housed at the Northern New Hampshire Correctional Facility.

2009, incident.  When he received no response, he wrote to the "Commissioner of Corrections."  Palermo states that he made other efforts to complain about the March 24 incident when he was in New Hampshire but provides no dates or detail about those complaints other than that he "voiced his complaint" during an investigatory interview.  Palermo further states that he filed grievances about the March 24 incident in 2011.

The defendants note that Palermo does not provide dates as to when he sent letters to the Warden and the Commissioner or any supporting evidence that the letters were sent.  The defendants provide the affidavits of the secretary to the Warden and an administrative assistant in the Commissioner's office who explain the process used in each office to keep records of grievances and correspondence and who state that there is no record of letters from Palermo or any grievance about the March 24 incident that were sent before 2011.

Palermo states that the second incident underlying his claims occurred on June 17, 2011.  He contends that a prison guard, Michael Mosher, used a taser on him.  Following that incident, he was moved to the Secure Psychiatric Unit because he had attempted suicide.  Palermo states that when he discovered he had been hit and burned by a taser, he filed requests and grievances about the incident.  He states that his grievances

addressed to the Commissioner were intercepted and answered by
the Warden and that others were not returned.

The defendants provide evidence that Palermo did not file an
inmate request slip, the first step in the grievance process,
about the June 17, 2011, incident, although he filed request
slips about many other issues.  The defendants show that on
September 12, 2011, the Warden received a grievance from Palermo
about an incident identified as having occurred on July 17, 2011.
Although Palermo stated in the grievance that he had been tased
by Mosher, the incident involving tasing occurred on June 17,
2011.

The formal grievance process at the NHSP is provided in New
Hampshire Department of Corrections Policy and Procedure
Directive ("PPD") 1.16 and involves three steps.  At the first
step, the inmate must file an inmate request slip within thirty
days of the incident which includes enough detail about the
complaint to allow an investigation.  PPD 1.16, IV, A.  The
request slip should be addressed to the lowest level staff person
with authority to address the issue.  Id.  The request is to be
answered within fifteen days.  Id.

At the second step, the inmate must complete a grievance
form that is directed to the Warden within thirty days from the
date of the response to the inmate's request.  PPD 1.16, IV, B.

A grievance will not be accepted unless it shows that the first
step has been completed.  Id.  The third step is an appeal to the
Commissioner that must be filed within thirty days of the date of
the Warden's response to the grievance.  PPD 1.16, IV, C.  Again,
the appeal will not be accepted unless it demonstrates that the
second step has been completed.  Id.

### Discussion

The defendants seek summary judgment on the ground that
Palermo failed to exhaust the administrative remedies available
to him, specifically the process provided by PPD 1.16.  Palermo
objects to summary judgment, arguing that he made a good faith
effort to comply with the administrative process.

The Prison Litigation Reform Act of 1995 provides that "[n]o
action shall be brought with respect to prison conditions under
section 1983 of this title, or any other Federal law, by a
prisoner confined in any jail, prison, or other correctional
facility until such administrative remedies as are available are
exhausted."  42 U.S.C. § 1997e(a).  Section 1997e(a) requires
"proper exhaustion."  Woodford v. Ngo, 548 U.S. 81, 88 (2006).
Proper exhaustion means that a prisoner must complete the
grievance process in the manner required by the prison.  Jones v.
Bock, 549 U.S. 199, 218 (2007).  Therefore, a complaint that is

not filed in the time and manner provided in the prison's
administrative procedure does not exhaust the administrative
process.  See Woodford, 548 U.S. at 92-103; Acosta v. U.S.
Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006); Lassalle-Pitre
v. Mercado-Cuevas, 839 F. Supp. 2d 471, 474 (D.P.R. 2012).

In this case, the undisputed facts establish that Palermo
did not file an inmate request slip about either the March 24,
2009, incident or the June 17, 2011, incident.  To the extent
Palermo made complaints about the incidents in other contexts,
that did not comply with the requirements of PPD 1.16.  Palermo
agrees that he did not follow the procedure provided by PPD 1.16.

Palermo's suggestion that he was precluded from following
the process provided by PPD 1.16 is not supported by the record.
Cf. Gebo v. Thyng, 2012 WL 2061693, at *5 (D.N.H. June 7, 2012).
Further, the Warden denied Palermo's grievances filed in
September and October of 2011 on the ground that they were
untimely and did not follow the prescribed procedure.  Palermo's
argument in his surreply that the Warden addressed his complaints
on the merits, despite their untimeliness, is not supported by
the record.

Therefore, the record presented for summary judgment shows
that Palermo did not exhaust the NHSP's administrative remedies
as to either of the incidents that form the basis of his claims

9

in this case.  As a result, his case must be dismissed under § 1997e(a) for failure to exhaust administrative remedies.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 26) is granted.  The case is dismissed under § 1997e(a).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 12, 2012

cc:  Russell F. Hilliard, Esquire
     Christopher M. Palermo 12437, pro se
     Nancy J. Smith, Esquire